IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00228-KDB-SCR

KEVIN LATTEN,

Plaintiff,

v.

EVERBANK N.A.,

Defendant.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 8). The Court has carefully considered this motion and the parties' briefs and exhibits in support and in opposition to the motion. As discussed below, Plaintiff (despite his good faith attempts to do so) failed to timely serve this action in accordance with the applicable procedural rules; therefore, this Court lacks personal jurisdiction over Defendant and Plaintiff's claims must be dismissed without prejudice. Thus, the Court will **GRANT** the motion.

I. LEGAL STANDARD

Defendant EverBank, Plaintiff's former employer, moves to dismiss this action alleging employment discrimination, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5).

**A. Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued and served in accordance with the Federal Rules of Civil Procedure before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When process or service of process

1

is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Finally, a *pro se* complaint, as here, must be construed liberally. However, a plaintiff's lack of counsel does not excuse a failure to establish jurisdiction, including with respect to service. *See Tann v. Fisher*, 276 F.R.D. 190 (D. Md.), aff'd, 458 F. App'x 268, (4th Cir. 2011) ("pro se status . . . is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly") (first citing *Hansan v. Fairfax Cnty. Sch. Bd.*, 405 Fed.Appx. 793, 794 (4th Cir. 2010) then citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

### B. Rule (12)(b)(5)

As noted, prior to the exercise of personal jurisdiction, Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.,* 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(5). In essence, a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure (or related state procedures). *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

## II. FACTS AND PROCEDURAL HISTORY

On July 26, 2024, Plaintiff filed this action in the Superior Court of Mecklenburg County, North Carolina, alleging that Defendant EverBank is liable for unlawful racial discrimination and wrongful termination in violation of Title VII of the Civil Rights Act of 1964 and other federal statutes. *See* Doc. No. 1-1. A civil summons was requested by Plaintiff on July 26, 2024, but never served on EverBank. A second civil summons was requested by Plaintiff on March 7, 2025, which Plaintiff says was sent to EverBank by Certified and Priority mail. EverBank received the Priority mail package on March 11, 2025 (but denies receiving service by Certified Mail). EverBank timely removed the action to this Court on April 2, 2025, then filed its Motion to Dismiss on April 9, 2025.

## III. DISCUSSION

It is well-settled that state law governs the sufficiency and timing of service of process before removal. *See Eccles v. National Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998); Fed. R. Civ. P. 81(c)(1) (federal rules of civil procedure apply "to a civil action after it is removed from a state court"). Under North Carolina law, service of summons must be made within 60 days after the date of the issuance of summons. N.C. R. Civ. P. 4(c). When any defendant in a civil action is not served within the 60 days allowed for service, the Plaintiff may seek an endorsement upon the original summons for an extension of time within which to complete service

3

of process or obtain an "alias or pluries summons" within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement. N.C. R. Civ. P. 4(d). When there is neither endorsement by the clerk nor issuance of an alias or pluries summons within 90 days, the action is discontinued as a matter of law against any defendant who has not already been properly served. N.C. R. Civ. P. 4(e). Further, North Carolina law does not give trial courts "discretion [] to prevent a discontinuance of an action under Rule 4(e) when there is neither endorsement of the original summons nor issuance of alias or pluries summons within ninety days after issuance of the last preceding summons." *Warren v. Snowshoe LTC Group, LLC*, 293 N.C.App. 174, 179 (2024) (citing *Locklear v. Scotland Memorial Hosp., Inc.*, 119 N.C.App. 245, 248 (1995).

Here, Plaintiff did not serve EverBank within 60 days of issuance of the summons and did not either seek an endorsement or alias or pluries summons within 90 days. Therefore, Plaintiff's action was discontinued under North Carolina law prior to removal. "It is contrary to the correlative doctrines of comity and federalism to allow a case that would be dead under state law to be revived upon removal by a federal court applying the same state law that would have led to the termination of the case in the state court." *Morton v. Meagher*, 171 F. Supp. 2d 611, 615–16 (E.D. Va. 2001). In other words, the federal removal statute, 28 U.S.C. § 1448, does not retroactively extend the time limits prescribed by state law in cases where service was untimely before the action is removed to federal court. *Id*. ("Nothing in the text, or the legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived in the state courts."). Accordingly, Plaintiff has failed to establish timely, proper service sufficient to support personal jurisdiction over EverBank, and its Motion to Dismiss will be granted.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED;**

2. Plaintiff's Complaint is **DISMISSED** without prejudice: and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 9, 2025

*[Signature]*

Kenneth D. Bell
United States District Judge